# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52092 & 52093

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>KALEHE BYIRINGIRO,<br><br>    Defendant-Appellant. | Filed: October 10, 2025<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgments of conviction and unified sentence of twenty years, with a minimum period of confinement of six years, for aggravated battery and use of a deadly weapon and a concurrent unified sentence of fifteen years, with a minimum period of confinement of five years, for aggravated assault and use of a deadly weapon, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated cases, Kalehe Byiringiro pled guilty to aggravated assault, I.C. §§ 18-901(b) and 18-905(a), and use of a firearm or deadly weapon during the commission of a crime, I.C. § 19-2520. Byiringiro also pled guilty to aggravated battery, I.C. §§ 18-903(a) and 18-907(1)(b), and use of a firearm or deadly weapon during the commission of a crime, I.C. § 19-2520. In exchange for his guilty pleas, additional charges were dismissed and the State agreed not

1

to file additional charges. The district court sentenced Byiringiro to a unified term of twenty years, with a minimum period of confinement of six years, for aggravated battery and use of a deadly weapon and a concurrent unified term of fifteen years, with a minimum period of confinement of five years, for aggravated assault and use of a deadly weapon. Byiringiro appeals, arguing that his sentences are excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Therefore, Byiringiro's judgments of conviction and sentences are affirmed.